UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANICE SMITH,
    *Plaintiff*,

v.

WHOLE FOODS MARKET GROUP, INC.,
    *Defendant*.

No. 3:14-cv-01954 (JAM)

### RULING DENYING MOTIONS IN LIMINE

This is a slip-and-fall case in which plaintiff tripped over a produce display case at the Whole Foods grocery store in Glastonbury, Connecticut. Plaintiff alleges that defendant placed a low, small, and narrow crate on the floor behind a large floor produce display case, creating a hazard that the small case would be obstructed from view and cause her to trip. Two of defendant's motions in limine are pending: a motion to prohibit plaintiff from relying on and/or charging the jury with instructions concerning the mode-of-operation rule or the affirmative-act rule (Doc. #38), and a motion to exclude plaintiff's photographs of defendant's store (Doc. #42).

Plaintiff seeks to prove that defendant's mode of operation of its store created a foreseeable and regularly occurring risk that customers could trip on the produce displays that were arranged in a maze-like configuration in the produce department. The mode-of-operation rule relieves a plaintiff in a premises liability suit from the usual requirement of proving a defendant's actual or constructive notice of a dangerous condition if she "can show that the business engaged in a deliberate method of operation which would make the frequent occurrence of similar conditions reasonably foreseeable." *Konesky v. Post Road Entertainment*, 144 Conn. App. 128, 136 (2013) (citing *Fisher v. Big Y Foods, Inc.,* 298 Conn. 414, 419 n.10 (2010)).

Plaintiff's *prima facie* case of mode-of-operation negligence may be defeated if the defendant produces evidence "that it took reasonable measures to prevent accidents such as the one that caused the plaintiff's injury, and the plaintiff fails to establish that those measures did not constitute reasonable care under the circumstances." *Fisher*, 298 Conn. at 419 n.10 (citing *Kelly v. Stop & Shop, Inc.*, 281 Conn. 768, 791–92 (2007)).

  Defendant asserts that the mode-of-operation rule is categorically inapplicable where, as here, the unsafe condition which caused a plaintiff's injuries was not the result of a third-party customer's interference with the defendant's self-service mode of operation. *See Kelly*, 281 Conn. at 785 (characterizing third-party interference as "shoppers disarranging the merchandise and possibly leaving it in a dangerous condition . . . [or] other customers dropping or spilling merchandise on the floor"). I do not agree. When the Connecticut Supreme Court adopted the mode-of-operation rule in *Kelly*, it did not explicitly require third-party interference as an element of the rule, even if the *Kelly* decision contained dicta suggesting that the mode-of-operation rule was often pertinent in factual scenarios involving third-party interference. Nor has subsequent precedent adopted a third-party-interference requirement. *See Fisher*, 298 Conn. at 426, 428 & n.22 ("The mode of operation rule most typically is applied in . . . circumstances [where customers were encouraged to handle produce displays and/or ready-to-eat food]."); *accord Konesky*, 144 Conn. App. at 140–41 ("Self-service . . . may present a situation in which the proprietor's 'operating methods' enhance the risk of recurring dangerous conditions brought about by third party interference, but it logically is not the only business method that can have such an effect."); Civil Jury Instructions, 3.9-17 Commercial Mode of Operation, http://www.jud.ct.gov/JI/civil/part3/3.9-17.htm (not requiring showing of third-party interference to allow for application of mode-of-operation rule).

Even if this were an uncertain question of Connecticut law, I predict that the Connecticut Supreme Court would not impose such a requirement. *See Runner v. New York Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009). I therefore decline to categorically bar evidence intended to prove this theory of liability, though without prejudice to defendant's renewing this challenge at the close of evidence to determine whether plaintiff has provided an evidentiary foundation from which a reasonable jury could conclude that a specific risk of injury was continuous or foreseeably inherent in the specific area where the injury occurred. *See Fisher*, 298 Conn. at 437.

Plaintiff also seeks to prove that it was defendant's affirmative act in placing the produce displays that created the unsafe condition which ultimately caused plaintiff's injury. If a plaintiff provides circumstantial evidence that an "obviously hazardous condition" created by a defendant was also foreseeably hazardous, then the affirmative-act rule allows a court to infer the defendant's knowledge of the injury-producing hazard. *DiPietro v. Farmington Sports Arena, LLC*, 306 Conn. 107, 122, 124 (2012). "Rather than acting as an alternative to notice, the affirmative act rule allows an inference of notice when circumstantial evidence shows that the defendant knew or should have known of the dangerous condition because it was a foreseeably hazardous one that the defendant itself created." *Id.* at 124.

Defendant contends that plaintiff will be unable to prove that the product displays were "obviously" hazardous because no customer before plaintiff had ever complained about or been injured by the product display at issue here. I decline to preclude plaintiff from attempting to provide an evidentiary foundation for this theory of liability, though without prejudice to defendant's renewed challenge at the close of evidence.

Finally, for the reasons discussed during the pretrial conference, which include the lack of prejudice to defendant resulting from plaintiff's acquisition of photographs from inside the

store, I decline to categorically preclude plaintiff from introducing photographs of defendant's store. Defendant remains free at trial to challenge admission of the photographs on evidentiary bases, including without limitation any objection based on lack of authentication, lack of relevance, or that the amount of photographs would be cumulative.

## CONCLUSION

Defendant's motion to prohibit plaintiff from relying on and/or charging the jury with instructions concerning the mode-of-operation rule or the affirmative-act rule (Doc. #38) is DENIED without prejudice to renewal of the motion at the close of evidence. Defendant's motion to exclude plaintiff's photographs of defendant's store (Doc. #42) is DENIED.

It is so ordered.

Dated at New Haven, Connecticut, this 26th day of July 2016.

                                                   /s/ *Jeffrey Alker Meyer*
                                                   Jeffrey Alker Meyer
                                                   United States District Judge